DRUMMOND v. NICHOLLS.

1. LIENS—TENANT—NONSUIT.—In action by plaintiff to recover from a sheriff certain farm products raised by plaintiff and seized by the defendant as the property of the owner of the land under a lien warrant, the trial judge erred in granting a nonsuit, there being some evidence tending to show that the plaintiff was a tenant of the land owner and not a mere laborer.

Before WITHERSPOON, J., Spartanburg, October, 1893.

Action by Elias Drummond against John M. Nicholls, as sheriff of Spartanburg County.

*Messrs. Duncan & Sanders*, for appellant.

*Messrs. Bomar & Simpson*, contra.

April 9, 1895. The opinion of the court was delivered by

MR. JUSTICE POPE. This was an action for claim and delivery of certain personal property, brought by the plaintiff against the defendant in the Court of Common Pleas for Spartanburg County, which came on for trial before his honor, Judge Witherspoon, and a jury at October Term, 1893. After the plaintiff had closed his testimony, the defendant moved for a nonsuit which, after argument, was granted. After judgment entered, the plaintiff appealed on twelve grounds as follows: 1. Ruling and holding that the liens given by W. D. Brandenburg were valid and binding liens on the crops grown by the plaintiff in 1891. 2. That the liens given by Brandenburg to Parks & Gray and to Gaston, covered the property in dispute, and were valid liens on this property. 3. In ruling and holding that the plaintiff was a mere laborer. 4. In not ruling and

holding that the plaintiff was a tenant of Brandenburg. 5. In not at least submitting it to the jury, and in not allowing the jury to determine from the evidence whether the plaintiff was a tenant or laborer of Brandenburg. 6. In ruling and holding that there was no evidence on any of the issues to be passed on by the jury. 7. In not ruling and holding that the plaintiff had such an interest in the crop grown by him as could not be bound by any lien given by Brandenburg. 8. Because his honor erred in admitting in evidence exhibit 2, i. e., the lien from W. D. Brandenburg to Parks & Gray. 9. In not allowing the witness, W. D. Brandenburg, to answer the question: "Did you give a lien on Elias Drummond's crop—on his part of the crop?" 10. In not allowing the witness, W. D. Brandenburg, to be examined as to his intention in giving the lien to Gaston, and to testify whether he intended to give a lien on the crop of Elias Drummond. 11. In not allowing the witness, W. D. Brandenburg, to answer the question: "What knowledge did Elias Drummond have of your giving a lien to A. W. Gaston or signing any paper?" 12. In not allowing the witness, W. D. Brandenburg, to testify as to what crops were intended to be bound by the lien given to A. W. Gaston, and on what lands he supposed these crops were to be grown.

It may be proper to give a brief outline of the transaction here involved, in order that we may the more correctly apprehend the true significance to be attached to the questions here presented to be answered. It seems that in 1891, early in the year, William D. Brandenburg having in his charge and under his control one hundred and fifty acres of land of his own, three hundred acres that belonged to his mother-in-law, Mrs. A. F. Crosswell, and forty-two acres that belonged to his wife, Mrs. W. D. Brandenburg, went in person to A. W. Gaston, and borrowed $400 in the shape of four bales of cotton, in order to make crops upon said lands during the year 1891, and in accordance with the provisions of our statute law on that subject, gave a lien on all the crops grown or to be grown on said lands during that year (1891). See *Brandenburg v. Gaston*, 42 S. C., 348, Brandenburg not paying the debt secured by his lien, Gaston sued out, before the clerk of court, warrants to seize the crops

raised upon said lands during the year 1891, and the sheriff, Nicholls, as was required by law, took possession of said crops. Amongst the crops so seized were 430 pounds of seed cotton, of the value of $10, 678 pounds of corn in the ear, of the value of $10, and 1,242 pounds of seed cotton, of the value of $30— aggregating $50. All this personal property was claimed by the plaintiff as his own property, and the sheriff refusing to deliver it up to him, he brought his action for claim and delivery. The defendant by his answer set up his possession as rightful under the said lien of A. W. Gaston and certain liens held by Parks & Gray, similar in character to that of A. W. Gaston. At the hearing quite a number of witnesses were examined by the plaintiff, and, as before stated, the defendant moved for a nonsuit, which was granted.

The grounds of appeal from 9 to 12, inclusive, cannot be sustained. A mere inspection will show that they are untenable. But those from 1 to 8, inclusive, present in different phases the question of the character of the relation of the plaintiff to Brandenburg that are not free from difficulty. Indeed, they appear to us to be meritorious to this extent at least, viz: as presenting the difference in law which exists in a tenant and laborer; for if the plaintiff is entitled to be regarded as a tenant, then Brandenburg could not give a lien to Gaston or any body else that would deprive the plaintiff, as a tenant, of any crops raised by him. This difficulty would not exist, if he, the plaintiff, could be held in law to be a mere laborer of Brandenburg. There is certainly some testimony disclosed in the "Case" bearing upon this issue, and if there is, then the Circuit Judge was in error in granting the nonsuit. Such being our conclusion, we think a new trial should be granted, but it must be distinctly understood that this court has no opinion, and declines to express any opinion as to the sufficiency of this testimony. We prefer to leave every issue open.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and the cause is now remanded to that court for a new trial.